UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Baccus,<br>*also known as John Roosevelt Baccus*,<br><br>　　　　　　　　　　　Petitioner,<br><br>vs.<br><br>L.C. "Bud" Richardson; Von Dean Turbeville; Amber McDaniel Thompson; Barry Prosser; James Lee; Paul Baker; John Black; Michelle Dixon; Lynnette Cox; Ulysses Frierson; William S. Derrick; Mollie Sloan; Billie Jean Howle Blackmon; Frederick A. Hoefer, II; Robert E. Lee; Hicks Harwell; Sherry R. Rhodes; Edgar L. Clements, III; William R. Byars; and Larry Cartledge,<br><br>　　　　　　　　　　　Respondents. | C/A No. 9:13-1379-DCN-BM<br><br><br>**REPORT AND RECOMMENDATION** |

John Baccus, also known as John Roosevelt Baccus ("Petitioner"), is an inmate in the Perry Correctional Institution of the South Carolina Department of Corrections in Pelzer, South Carolina. Petitioner is serving concurrent sentences of life imprisonment without parole after being convicted of murder and burglary at a jury trial in Marion County General Sessions Court on May 23, 2003.[1] Petitioner, who is proceeding pro se, brings this action seeking a writ of mandamus,



---

[1]　See Marion County Twelfth Judicial Circuit Public Index, http://publicindex.sccourts.org/Marion/PublicIndex/CaseDetails.aspx?County=33&CourtAgency=33001&Casenum=F466008&CaseType=C (last visited Aug. 12, 2013); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) [a federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue]; see also Baccus v. Burt, C/A No. 0:06-1912-DCN-BD (D.S.C.); Baccus v. The State. et al., C/A No. 9:11-1754-DCN-BM (D.S.C.); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) [the court may take judicial notice of its own records].

ordering that Petitioner's state court criminal case and all records be removed from the Marion County General Sessions Court to this Court. See Amended Petition, ECF Nos. 8, 8-1, 8-2. Petitioner also seeks a speedy trial dismissal and injunction to prevent Petitioner's further incarceration and cruel and unusual punishment of Petitioner. Id.

Petitioner files this action pro se and in forma pauperis under 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the pro se Amended Petition pursuant to the procedural provisions of § 1915; § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Further, as Petitioner is a pro se litigant, his pleadings are accorded liberal construction. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97, (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the pro se Amended Petition is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

On May 22, 2013, Petitioner filed his original Petition for Writ of Mandamus (ECF No. 1), seeking the removal and transfer of his state court criminal case records to this Court. By Order dated May 31, 2013 (ECF No. 6), Petitioner was given a specific time frame in which to bring

this case into proper form, by either paying the filing fee or submitting a Motion for Leave to Proceed in forma pauperis. On June 4, 2013, Petitioner filed an Amended Petition for Writ of Mandamus (ECF No. 8), and an amended civil cover sheet (ECF No. 9). On June 24, 2013, Petitioner filed an additional amended civil cover sheet (ECF No. 10) and a Motion to Appoint Counsel (ECF No. 11). On June 25, 2013, Petitioner filed an assortment of documents, which were designated as a Declaration (ECF No. 12). Petitioner's Declaration is comprised of copies of Petitioner's various state court pleadings, exhibits, and related correspondence. On June 25, 2013, Petitioner filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240) and a Financial Certificate, which were docketed as a Motion for Leave to Proceed in forma pauperis (ECF No. 13).

On July 15, 2013, Petitioner filed a letter addressed to the Clerk of this Court (ECF No. 15) requesting confirmation that the Clerk of Court had received the documents that Petitioner mailed on June 19 and 20, 2013. On June 30, 2013, Petitioner filed a letter addressed to the United States Fourth Circuit Court of Appeals and to this Court's Division Offices in Charleston and Florence (ECF No. 16), asserting that this Court refused to acknowledge receipt of Petitioner's Amended Petition for Writ of Mandamus. On August 1, 2013, Petitioner filed a document which was construed and docketed as a Notice of Appeal (ECF No. 17), presumably of this Court's alleged failure to confirm the receipt of Petitioner's "60-page removal and transfer [of] all [of] Petitioner's records from the state court into proper form." See Notice of Appeal, ECF No. 17, p. 2. On August 5, 2013, Petitioner filed a Request for Entry of Default (ECF No. 21), which included Petitioner's affidavit, erroneously alleging that a summons and complaint were served on the Respondents in this case, on June 20, 2013, and that the Respondents had failed to answer.



3

## DISCUSSION

This Court lacks jurisdiction to issue a writ of mandamus in this case against these Defendants. See 28 U.S.C. § 1361; Gurley v. Super. Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official of the United States. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) [federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner]; see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases); Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ["[t]he federal courts have no general power to compel action by state officials."]; In re Carr, 803 F.2d 1180, 1181 (4th Cir. 1986).

It is also well settled that a writ of mandamus[2] is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. The Fourth Circuit has emphasized that the availability of an alternative remedy is central to the consideration of whether a case is exceptional enough to warrant issuance of a writ of mandamus, and that where there is an alternate way for the petitioner to obtain the relief he desires, mandamus will not lie. Petition of Int'l Precious Metals Corp., 917 F.2d 792 (4th Cir. 1990); see Chatman-Bey v. Thornburgh, 864 F.2d 804, 274 U.S. App. D.C. 398 (D.C. Cir. 1988) [prisoner dissatisfied with his projected release date not entitled to mandamus; available remedy under 28 U.S.C. § 2241].

---

[2] See Black's Law Dictionary (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.")

4

Thus, Petitioner cannot obtain a writ of mandamus, ordering the removal of the records of Petitioner's state court criminal proceeding to this Court.

To the extent that Petitioner may be seeking the removal of his state court criminal case - as opposed to the records of the case - to this Court, such removal is not possible. Petitioner's state court criminal proceeding was concluded on May 23, 2003, with Petitioner's convictions and sentences. It is self-evident that the federal removal provisions require the existence of a currently pending state court action. Petitioner (who was the defendant in the state court action) cannot remove the action to federal court, under the provisions if 28 U.S.C. §§ 1441, 1443,[3] or 1446, after the state court action has ended. While § 1446(b)'s thirty-day limit on the filing of a notice of removal has been held to be subject to equitable tolling, numerous courts have held that there is no occasion to apply an equitable tolling exception to the deadline when there is no currently pending

---

[3] A "[p]rerequisite to a removal . . . under 28 U.S.C.A. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)) (internal footnote omitted). Nevertheless, "'broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1).'" Dugas v. Hanover Cnty. Circuit Court, 3:08CV72, 2008 U.S. Dist. LEXIS 67644, 2008 WL 4153765, at *3 (E.D. Va. Sept. 5, 2008) (quoting New Mexico v. Gutierrez, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006)). The United States Supreme Court has made clear, in Johnson v. Mississippi, 421 U.S. 213 (1975) and previous cases, that allegations of the type advanced by Petitioner do not warrant removal under § 1443.

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Greenwood, Miss. v. Peacock, 384 U.S. 808, 827-28 (1966); see South Carolina v. Grace, 234 F. App'x 103, 104 (4th Cir. 2007); see also Georgia v. Rachel, 384 U.S. 780, 792 (1966); Delavigne v. Delavigne, 530 F.2d 598, 600-01 (4th Cir. 1976).

5

case in the state court to remove. See cf. Mays v. RPC, Inc., C/A No. 3:05-CV-0068-G, 2005 U.S. Dist. LEXIS 4968 at *5, 2005 WL _ (N.D. Tex. Mar. 28, 2005) [holding that, while the 30-day removal period under § 1446 was subject to equitable tolling after the state court case was erroneously dismissed, the state court plaintiff's argument that the dismissal did not affect the ability of the defendant to file a notice of removal was without merit, as there was no case to remove]; Chamberlain v. Amrep, Inc., C/A No. 3:04-CV-1776-B, 2004 U.S. Dist. LEXIS 23384, 2004 WL 2324676 at *2 (N.D. Tex. 2004) [holding that, even if all of the parties in the removed action were aware that the state court case should not have been dismissed, the state court order still dismissed the case and left the state court defendant with nothing to remove to federal court; it was not until the state court issued reinstated the case that the defendant could have removed the action.]; Greising v. C.P. Chemical Company, Inc., 646 F.Supp. 553, 555 (D. Minn. 1986) [holding that, because the state court's incorrect judgment of dismissal dismissed the entire case, the defendant could not have legally removed it to federal court, since there was nothing left to remove, until the judgment of dismissal was amended and the case against the defendant was reinstated].

The representations contained in the instant Petition are not sufficient to demonstrate federal removal jurisdiction of Petitioner's state court criminal prosecution, based on § 1443, or any other removal statute. Hence, Petitioner's pleading is substantively and procedurally defective on its face. While procedural defects, in contrast to jurisdictional defects, may be waived, both case law and statutory law, including § 1447(c), provide that it is not possible to confer subject matter jurisdiction by estoppel, waiver or consent. See, e.g., Buchner v. FDIC, 981 F.2d 816, 818 (5th Cir. 1993) ["Although parties may waive their rights to remove a case or to contest the removal



6

procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."].

The undersigned takes judicial notice of the records of the Marion County Common Pleas Court, which indicate that Petitioner's second application for post-conviction relief ("PCR"), which was filed on December 2, 2010, in C/A No. 2011-CP-33-994, was dismissed, on May 28, 2013.[4] To the extent that Petitioner may be seeking to appeal the state court's denial of post-conviction relief, Petitioner cannot do so in this Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) [a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]. Since 1988, such United States Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right. See Ernst v. Child and Youth Servs., 108 F.3d 486, 491(3d Cir. 1997). Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this Court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state-court decisions.

Finally, to the extent Petitioner seeks "speedy trial dismissals" of his state court convictions, see Amended Petition, ECF No. 8-1, p. 2, the United States Supreme Court has held,

---

[4] See note 1. According to the Marion County Twelfth Judicial Circuit Public Index, Petitioner previously filed a PCR action in Marion County Common Pleas Court, on December 6, 2006, in C/A No. 2006-CP-33-445, which was denied, on April 30, 2008. Petitioner apparently appealed the denial, and the Supreme Court of South Carolina dismissed his appeal and filed its remittitur in his PCR case, on August 25, 2010. Petitioner has also previously filed two habeas corpus petitions in this Court, both of which were summarily dismissed.

7

in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973), that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court reiterated that release from prison is a remedy available only in a habeas action. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." <u>Heck</u>, 512 U.S. at 481. In <u>Wilson v. Johnson</u>, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of <u>Preiser</u> and <u>Heck</u> as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in some other action.

## RECOMMENDATION

For the foregoing reasons, Petitioner's Amended Petition for Writ of Mandamus should be summarily dismissed, without prejudice and without issuance and service of process. Petitioner's attention is directed to the important notice on the next page.

August 19, 2013  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge



8

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



9